Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
## for the
*EASTERN* District of *VIRGINIA*

*NEWPORT NEWS* Division

|  |  |
|---|---|
| JOHN PAUL DAROUSE, JR. | ) Case No. |
| | ) |
| *Plaintiff(s)* | ) (to be filled in by the Clerk's Office) |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) |
| -v- | ) INDIVIDUAL & OFFICIAL CAPACITY ) |
| Judge HERBERT C. GILL CHARLES R. CARRITHERS & DEBRA MAYO A. CONRAD BAREFORD III, PLLC JPCR, LLC; MARK HERRING | ) ) ) ) |
| *Defendant(s)* | ) |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) |

## COMPLAINT AND REQUEST FOR INJUNCTION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | JOHN PAUL DAROUSE, JR. |
   | Street Address | 631 MORRIS DR. |
   | City and County | NEWPORT NEWS |
   | State and Zip Code | VIRGINIA 23605 |
   | Telephone Number | (757) 254-8907 |
   | E-mail Address | JOHNDAROUSE@HOTMAIL.COM |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.



Defendant No. 1

Name — HERBERT C. GILL — INDIVIDUAL + OFFICIAL CAPACITY

Job or Title *(if known)* — Judge

Street Address — 6701 GREENYARD RD.

City and County — CHESTER

State and Zip Code — VIRGINIA

Telephone Number — (386) 690-0034 : (804) 526-5714 : (434) 348-4222 - OFFICE

E-mail Address *(if known)*

Defendant No. 2

Name — A. CONRAD BAREFORD III, PLLC

Job or Title *(if known)* — ATTORNEY (VSB 77703)

Street Address — 32 COURT ST. PO BOX 5

City and County — MATHEWS

State and Zip Code — VIRGINIA 23109

Telephone Number — (804) 725-2149

E-mail Address *(if known)* — ACBAREFORD@gmail.com

Defendant No. 3

Name — CHARLES R. CARRITHERS

Job or Title *(if known)*

Street Address — 11 FAWN LN

City and County — NEWPORT NEWS,

State and Zip Code — VA 23602

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name — DEBRA MAYO

Job or Title *(if known)* — POA FOR CHARLES R. CARRITHERS

Street Address — 11 FAWN LN

City and County — NEWPORT NEWS,

State and Zip Code — VA 23602

Telephone Number — (757) 880-2410

E-mail Address *(if known)*

DEFENDANT NO. 5 +6 SEE ATTACHED 1.

(2)



I B                    ATTACHED To

DEFENDANT 5.

NAME: JPCR, LLC

ADDRESS: 11 FAWN LN.
           NEWPORT NEWS
           VIRGINIA 23602


DEFENDANT 6.

ATTORNEY GENERAL-MARK R. HERRING
OFFICE OF THE ATTORNEY GENERAL
202 NORTH NINTH ST.
RICHMOND VA (804) 786-2071

(3)

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*SEE ATTACHED 2.*

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ N/A _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ N/A _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ N/A _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____

(4)

Attached 2.

## II A.

Specific Federal Statues & Provisions of the U.S. Constitution violated.

1. Title 18 USC Sec 241

2. Title 18 USC Sec 242

3. Due Process Clause of the 14th Amendment to the U.S. Constitution.

4. The Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

5. The Privileges and Immunities Clause of Article IV, Sec 2 of the US Constitution.

(5)

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

---

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.   *SEE ATTACHMENT 3 "MOTION TO RECUSE"*

A.    Where did the events giving rise to your claim(s) occur?

NEWPORT NEWS CIRCUIT COURT - 3RD FLOOR
2500 WASHINGTON AVE.
NEWPORT NEWS, VA 23607

B.    What date and approximate time did the events giving rise to your claim(s) occur?

OCT 26, 2020 APPROX 11:00 AM
APRIL 7, 2021 APPROX 10:00 AM



## II. STATEMENT OF THE CLAIM

DURING THE BRIEF HEARING ON Oct 26, 2020 Judge GILL COULDN'T PRAISE DEFENDANT ATTORNEY BAREFORD enough.

WHEN THE HEARING WAS OVER MY ATTORNEY, MY WITNESS, THE COURT REPORTER AND I LEFT THE COURTROOM. Judge GILL, ATTORNEY BAREFORD AND MAYO WERE STILL "CHATTING".

AFTER THE HEARING ON April 7, 2021 IT WAS AbUNdANTLY CLEAR TO ANYONE WITH AVERAGE INTELLIGENCE THAT THEY CONSPIRED AFTER THAT FIRST HEARING TO DENY MY RIGHT TO A FAIR ANd JUST AdjUdICATION OF MY COMPLAINT. SEE ATTACHED 3. "MOTION TO RECUSE"

Judge GILL's ANTI-SEMITIC BEHAVIOR ANd COMPLETE DISREGARD FOR COURT RULES ANd VIRGINIA CIVIL PROCEdURE WAS INTENDED TO ANd did INSTILL ANXIETY ANd dOUbT IN ME ABOUT MY CHOICE OF ATTORNEY ANd WHETHER OR NOT I WOULD BE GETTING A FAIR ANd JUST HEARING ON MY COMPLAINT. BASICALLY, DENYING ME

III   STATEMENT OF THE CLAIM - CONTINUED

ADEQUATE, EFFECTIVE, AND MEANINGFUL
ACCESS TO THE COURTS.   SEE ATTACHMENT 3
"MOTION TO RECUSE"

(8)

# Goldstein, Edgar & Reagan

Attorneys and Counselors at Law

*Mailed 7/2/2*

Irving B. "Chip" Goldstein
Frank A. Edgar, Jr.
Christopher P. Reagan

**GOLDSTEIN LAW BUILDING**
741 J. Clyde Morris Blvd.
Newport News, Virginia 23601
(757) 873-8773 ◆ fax (757) 873-8713
www.ibglaw.com

July 2, 2021

Newport News Circuit Court
2500 Washington Avenue
Newport News, VA 23607

Re:   John Paul Darouse v. JPCR, LLC et al.
      Case No. CL2000777M-03

Dear Clerk:

Enclosed, please find a Motion for Recusal in the above referenced matter, which I respectfully request you make a part of your file.

Thank you for your consideration, and please call my office with any questions.

Sincerely,

*Dictated Not Read*

Irving B. "Chip" Goldstein

IBG/msk
Enclosure

*Attached 3.*

⑨

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

JOHN PAUL DAROUSE,
    Plaintiff,

v.
                                   Case No.: CL2000777M-03

JPCR, LLC and
CHARLES R. CARRITHERS, and
DEBRA MAYO
    Defendants.

## MOTION FOR RECUSAL

COMES NOW your Plaintiff, John P. Darouse, by counsel, and for his Motion Recusal herein sets forth as follows:

1. The Honorable Herbert Gill was assigned to preside at the civil trial herein.

2. The appointment of Judge Gill followed Recusal Orders entered first by Judge Gary A. Mills made in Court, as Caressa Akers is anticipated to testify in this matter, and as Judge Mills was previously married to Mrs. Akers, and he sought to recuse himself to avoid any concern about conflicts of interest or other inappropriate action of the Court.

3. The appointment of Judge Gill also follows the recusal of substitute Judge H. Vincent Conway, Junior, who had a social connection with a relative of the Defendant, Charles R. Carrithers, and thereby recused himself on his own Motion.

4. Mr. Darouse and others are concerned about Judge Gill's apparent bias and prejudices, as evidenced by their affidavits attached as **Exhibits A and B**.

5. Mr. Darouse asks Judge Gill to recuse himself based on the appearance of impropriety that he's given in hearings in this matter, and based upon him entertaining a "Motion for Possession" noticed by the Defendants without ever noticing a "Plea in Bar" or giving other notice about an evidentiary hearing; and further, based on Judge Gill's direction stated from the bench to Mr. Darouse to pay rents into Court, notwithstanding that Judge

Irving B. Goldstein VSB# 37920
GOLDSTEIN, EDGAR & REAGAN
741 J. Clyde Morris Blvd.
Newport, News, VA 23601
757-873-8773

ATTACHED 3



Conway had already declined to order Mr. Darouse to pay rents, and notwithstanding there being no valid evidence before the Court of any lease or tenancy between the parties; and based on Judge Gill's acceptance of the hearsay or unfounded testimony of Deborah Mayo, taken at the hearing. Ms. Mayo did not create or maintain the account cards which are attached as an Exhibit to the Complaint herein, and she stated no valid foundation for her testimony, where she may serve as the keeper of the books and records for the Defendants JPCR, LLC and Charles R. Carrithers, but where she took over maintenance of these account cards from Carrithers Realty which had created them and maintained them previously. The Court evidently allowed Ms. Mayo to testify as the keeper of the books and records for JPCR, LLC, but Ms. Mayo would necessarily lack a foundation of knowledge for what occurred at the time the account cards were created until her maintenance of them. Further, Judge Gill ordered Mr. Darouse to make monthly payments to the Clerk of Court, notwithstanding the testimony of Mr. Darouse that his account with Defendant Carrithers has been paid in full, and notwithstanding that the account cards evidence payment in full, and notwithstanding that the standard of review on Demurrer is in a light most favorable to the Plaintiff, and notwithstanding Mr. Darouse's testimony that this was an account payable and not a tenancy, and that he is paid in full, and notwithstanding the other exhibits and pleadings of Mr. Darouse embodied in the Complaint.

6.  The Honorable Judge Gill has further created concern and the appearance of impropriety by his personal relationship with Defendant's counsel, Conrad Bareford, where Judge Gill is apparently very impressed with Mr. Bareford's practice based on his personal relationship with Mr. Bareford's father, who apparently was a lawyer with whom Judge

Irving B. Goldstein VSB# 37920
GOLDSTEIN, EDGAR & REAGAN
741 J. Clyde Morris Blvd.
Newport, News, VA 23601
757-873-8773

*ATTAched 3*



Gill was familiar, fond, and acquainted.

7. The appearance of justice and impartiality requires the Honorable Judge Herbert C. Gill recuse himself from all further matters pertaining to the proceedings in this regard.

8. At the first hearing with Judge Gill there was a court reporter, and Judge Gill always referred to Mr. Darouse's counsel respectfully – and accurately – as "Mr. Goldstein." At the second hearing with Judge Gill presiding, there was no court reporter, and despite his familiarity with counsel, the Honorable Judge Gill continued referring to Plaintiff's counsel as "Mr. Goldsmith," and other variations of counsel's name, sarcastically, giving a clear impression to Mr. Darouse that this Court has already made its mind up, and that this Court will not give Mr. Darouse a fair and impartial hearing on his Complaint filed in this matter. The last time Plaintiff's counsel corrected Judge Gill, Judge Gill replied sarcastically as if exasperated, "OK, Mr. Goldstein."

9. The Honorable Judge Gill proceeded on counsel's "Motion for Possession" notwithstanding there being no court reporter present. At least 3 of the 4 previous hearings noticed in this regard, court reporters were present. At the 4th hearing, it appears that no testimony was adduced and no court reporter was necessary. With no written record of the hearing on the "Motion for Possession" which he allowed to proceed, the Honorable Judge Gill has left Plaintiff without any verifiable opportunity for appeal, under some circumstances, because there is no written record for an appeal court to review. The Plaintiff finds this incredible, where no evidentiary hearing was appropriately noticed in a manner which would generally put Mr. Darouse on notice that he would be expected to provide testimony and evidence at a preliminary hearing such as that "noticed" in this regard.

Irving B. Goldstein VSB# 37920
GOLDSTEIN, EDGAR & REAGAN
741 J. Clyde Morris Blvd.
Newport, News, VA 23601
757-873-8773

*A TTached 3*

10. Mr. Darouse is concerned because the appearance is that the Honorable Judge Gill engaged in ex parte communications with Defendant's counsel, and determined to proceed on a "Motion for Possession" under these circumstances, and perhaps conspired to proceed without a court reporter so there would be no record which could be reviewed, and even if this is not what occurred, this is the impression that the Honorable Judge Gill has given Mr. Darouse in his interactions in Court with defense counsel Mr. Bareford, with no court reporter present.

11. 631 Morris Drive in Newport News has been Mr. Darouse's home for over 20 years, and he has paid in full the balance reflected on the account cards, as shown by the payments reflected on those cards, and the matters at bar in this case represent 20 years of investment and payment from Mr. Darouse, that the Honorable Judge Gill seems to take in a flippant and nonserious way, giving the impression to Mr. Darouse that Judge Gill is a landlord- and owner-biased judge or a judge who is biased specifically towards Mr. Bareford and his client, Mr. Carrithers, and that Mr. Darouse cannot have a fair hearing or fair adjudication of the matters asserted in his Complaint before the Honorable Judge Gill.

WHEREFORE your Plaintiff, John P. Darouse, by counsel, prays the Honorable Herbert C. Gill recuse himself from all further matters pertaining to these proceedings and that in place and stead of the Honorable Judge Herbert C. Gill another judge be assigned for these proceedings.

Respectfully submitted,

JOHN PAUL DAROUSE
By Counsel

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing was mailed this _2_ day of July 2021 to A. Conrad Bareford, Esquire at PO Box 5, Mathews, VA 23109.

Irving B. Goldstein

Irving B. Goldstein VSB# 37920
GOLDSTEIN, EDGAR & REAGAN
741 J. Clyde Morris Blvd.
Newport News, VA 23601
757-873-8773

ATTACHED 3

Page 4 of 4

13

# AFFIDAVIT

STATE OF VIRGINIA

CITY OF NEWPORT NEWS, to-wit:

This name personally appeared before me, the undersigned Notary Public, John Paul Darouse, who made oath as follows:

1. I do not believe I will receive a fair and impartial hearing before the Honorable Herbert C. Gill, and I ask he recuse himself for the reasons indicated in this affidavit.

2. The Honorable Judge Herbert C. Gill was assigned to preside at the civil trial herein following Recusal Orders entered first Judge Gary A. Mills made in Court, as Caressa Akers is anticipated to testify in this matter, and as Judge Mills was previously married to Mrs. Akers, and he sought to recuse himself to avoid any concern about conflicts of interest or other inappropriate action of the Court.

3. The appointment of Judge Gill also follows the recusal of by substitute Judge H. Vincent Conway, Junior, who had a social connection with a relative of the Defendant, Charles R. Carrithers, and thereby recused himself on his own Motion.

4. I did not request the recusal of the previous judges, nor did I oppose their recusals.

5. I ask Judge Gill to recuse himself based on the appearance of impropriety that he's given in hearings in this matter, and based upon him entertaining a "Motion for Possession" noticed by the Defendants without Defendants ever noticing a "Plea in Bar" or giving other appropriate notice about an evidentiary hearing to be held on April 7, 2021.

6. I observe impropriety based on Judge Gill's direction stated from the bench to me to pay rents into Court, notwithstanding there being no valid evidence before the Court of any lease or tenancy between the parties; and based on Judge Gill's acceptance of the hearsay or unfounded testimony of Deborah Mayo, taken at the hearing.

7. I observe at least the appearance of impropriety by Judge Gill, where Ms. Mayo did not create or maintain the account cards which are attached to my complaint and any Amended Complaint as an exhibit, and she stated no valid foundation for her testimony, where she may serve as the keeper of the books and records for the Defendants JPCR, LLC and Charles R. Carrithers, but where she took over maintenance of these account

Page 1 of 4

ATTACHMENT 4

(14)



cards from Carrithers Realty which had created them and maintained them previously.

8. The Court evidently allowed Ms. Mayo to testify as the keeper of the books and records for JPCR, LLC, but Ms. Mayo would necessarily lack a foundation of knowledge for what occurred at the time the account cards were created until her maintenance of them.

9. Further, Judge Gill ordered me to make monthly payments to the Clerk of Court, notwithstanding that Judge Conway had already declined to order me to pay rents, and notwithstanding my testimony that my account with Defendant Carrithers has been paid in full and, and notwithstanding that the standard of review on Demurrer is in a light most favorable to the Plaintiff, and notwithstanding my testimony that this was an account payable and not a tenancy, and that I am paid in full, and notwithstanding my other exhibits and pleadings embodied in the Complaint.

10. I believe Judge Gill to be anti-Semitic, based on his demeanor off the record and the manner in which he continues to refer to my attorney with a sarcastic and condescending tone and refusing to call him by his correct name. My attorney is, "Mr. Goldstein", and not "Mr. Goldsmith, "or any other variation of the name Judge Gill continues to call him. The Judge repeatedly addresses Mr. Goldstein in a sarcastic, inappropriate, and disrespectful way. Judge Gill spoke to my attorney respectfully and used his correct name at the first hearing at which Judge Gill presided, at which a court reporter was present. Without a court reporter, Judge Gill showed his true colors.

11. The Honorable Judge Gill has further created concern and the appearance of impropriety by his personal relationship with Defendant's counsel, Conrad Bareford, where Judge Gill is apparently very impressed with Mr. Bareford's practice based on his personal relationship with Mr. Bareford's father, who apparently was a lawyer with whom Judge Gill was familiar.

12. The appearance of justice and impartiality requires the Honorable Judge Herbert C. Gill recuse himself from all further matters pertaining to the proceedings in this regard.

13. Judge Gill continues to give a clear impression to me that this Court already made its mind up before any hearing proceeded, and that a fair and impartial hearing on his Complaint filed in this matter is not available for me with Judge Gill presiding.

14. The Honorable Judge Gill proceeded on counsel's "Motion for Possession" notwithstanding there being no court reporter present. At least 3 of the 4 previous

ATTACHMENT 4



hearings noticed in this regard had court reporters present. At the 4th hearing, no testimony was adduced at all and no court reporter was necessary. With no written record of the hearing on the "Motion for Possession," the Honorable Judge Gill has left me without any verifiable opportunity for appeal, under some circumstances, because there is no written record for an appeal court to review.

15. I find Judge Gill's rulings clear evidence of his bias and otherwise incredible, where for example he determined to proceed with the evidentiary hearing which was not appropriately noticed in a manner which would generally put me on notice that I would be expected to provide testimony and evidence at a preliminary evidentiary hearing such as that held in this regard.

16. I am further concerned because the appearance is that the Honorable Judge Gill apparently engaged in ex parte communications with Defendant's counsel, and determined to proceed on a "Motion for Possession" under these circumstances, and perhaps conspired to proceed without a court reporter so there would be no record which could be reviewed, and even if this is not what occurred, this is the impression that the Honorable Judge Gill has given in his interactions with defense counsel Mr. Bareford.

17. 631 Morris Drive in Newport News has been my home for over 20 years, and I have paid in full the balance reflected on the account card, and the matters at bar in this case represent 20 years of investment and payment from me, that the Honorable Judge Gill seems to take in a flippant and non-serious way, giving the impression to me that he is a landlord- and owner-biased judge or a judge who was biased specifically towards Mr. Bareford and his client, Mr. Carrithers, and impressing me that I cannot have a fair hearing or fair adjudication of the matters asserted in my Complaint before the Honorable Judge Gill.

18. Judge Gill would appropriately recuse himself in this matter for the reasons indicated.

Page 3 of 4

ATTACHMENT 4

(16)

Nothing further saith this deponent.

_____7/1/21_____
Date

_____
John Paul Darouse

STATE OF VIRGINIA
CITY OF NEWPORT NEWS, to wit:

    Subscribed and sworn to before me this ___ day of July 2021 by John Paul Darouse.

_____
Notary Public

My commission expires: 9/30/24

MEIGHAN KELLEY
NOTARY PUBLIC
MY COMMISSION NUMBER
7035180
COMMONWEALTH OF VIRGINIA

Page 4 of 4

ATTACHMENT 4

(17)

## AFFIDAVIT

STATE OF VIRGINIA

CITY OF NEWPORT NEWS, to-wit:

This name personally appeared before me, the undersigned Notary Public, Caressa Garrison Akers, who made oath as follows:

1. I do not believe Mr. Darouse will receive a fair and impartial hearing before the Honorable Herbert C. Gill, and I ask he recuse himself for the reasons indicated in this affidavit.

2. I am a fact witness of many of the facts in contention in this matter, and I have attended most, or all of the hearings noticed in this case.

3. I observe impropriety based on Judge Gill's direction stated from the bench for Mr. Darouse to pay rents into Court, notwithstanding there being no valid evidence before the Court of any lease or tenancy between the parties.

4. In court on April 7, 2021, I observed at least the appearance of impropriety by Judge Gill, were Judge Gill's accepted hearsay or unfounded testimony of Deborah Mayo, taken at the hearing.

5. Ms. Mayo did not create or maintain the account cards which are attached to the complaint and any Amended Complaint as an exhibit, and she stated no valid foundation for her testimony, where she may serve as the keeper of the books and records for the Defendants JPCR, LLC and Charles R. Carrithers, but where she took over maintenance of these account cards from Carrithers Realty which had created them and maintained them previously.

6. The Court evidently allowed Ms. Mayo to testify as the keeper of the books and records for JPCR, LLC, but Ms. Mayo would necessarily lack a foundation of knowledge for what occurred at the time the account cards were created until her maintenance of them.

7. Further, Judge Gill ordered Mr. Darouse to make monthly payments to the Clerk of Court, notwithstanding that Judge Conway had already declined to order him to pay rents, and notwithstanding testimony that Darouse's account with Defendant Carrithers has been paid in full and, and notwithstanding testimony that this was an account payable

Page 1 of 3



ATTACHMENT 5

(18)



EXHIBIT
B

and not a tenancy, and that Darouse had paid in full, and notwithstanding the other exhibits and pleadings embodied in the Complaint, with which I am familiar.

8.  I believe Judge Gill to be anti-Semitic, based on his demeanor off the record and the manner in which he continues to refer to attorney Goldstein with a sarcastic and condescending tone and refusing to call him by his correct name. The attorney is, "Mr. Goldstein", and not "Mr. Goldsmith," or any other variation of the name Judge Gill continues to call him. The Judge repeatedly addresses Mr. Goldstein in a sarcastic, inappropriate, and disrespectful way. Judge Gill spoke to Mr. Goldstein respectfully and used his correct name at the first hearing at which Judge Gill presided, at which a court reporter was present. Without a court reporter, Judge Gill showed what appears to me to be racial or religious bias against the attorney.

9.  The Honorable Judge Gill has further created concern and the appearance of impropriety by his personal relationship with Defendant's counsel, Conrad Bareford, where Judge Gill continued to announce how impressed he was with Mr. Bareford's practice based on his personal relationship with Mr. Bareford's father, who apparently was a lawyer with whom Judge Gill was familiar.

10. Judge Gill continues to give a clear impression to me that this Court already made its mind up before any hearing proceeded, and that a fair and impartial hearing on Mr. Darouse's Complaint filed in this matter is not available for Mr. Darouse with Judge Gill presiding.

11. The Honorable Judge Gill proceeded on counsel's "Motion for Possession" notwithstanding there being no court reporter present. At least 3 of the 4 previous hearings noticed in this regard had court reporters present. At the 4th hearing, no testimony was adduced at all, and no court reporter was necessary. With no written record of the hearing on the "Motion for Possession," the Honorable Judge Gill has prejudices Mr. Darouse.

12. I find Judge Gill's rulings clear evidence of his bias and otherwise incredible, where for example he determined to proceed with the evidentiary hearing which was not appropriately noticed in a manner which would generally put me on notice that I would be expected to provide testimony and evidence at a preliminary evidentiary hearing such as that which was held in this regard.

Page 2 of 3

ATTACHMENT 5

(19)

13. I am further concerned because the appearance is that the Honorable Judge Gill apparently engaged in ex parte communications with Defendant's counsel, and determined to proceed on a "Motion for Possession" under these circumstances, and I believe he conspired to proceed without a court reporter so there would be no record which could be reviewed, and even if this is not what occurred, this is the impression that the Honorable Judge Gill has given in his interactions with defense counsel Mr. Bareford.

14. 631 Morris Drive in Newport News has been Mr. Darouse's home for over 20 years, and he has paid in full the balance reflected on the account card, and the matters at bar in this case represent 20 years of investment and payment from Mr. Darouse, that the Honorable Judge Gill seems to take in a flippant and non-serious way, giving the impression to me that he is a landlord- and owner-biased judge or a judge who was biased specifically towards Mr. Bareford and his client, Mr. Carrithers, and impressing me that Mr. Darouse cannot have a fair hearing or fair adjudication of the matters asserted in Mr. Darouse's Complaint before the Honorable Judge Gill.

15. Judge Gill would appropriately recuse himself in this matter for the reasons indicated.

Nothing further saith this deponent.

7-1-2021
Date

Caressa Garrison Akers

STATE OF VIRGINIA
CITY OF NEWPORT NEWS, to wit:

Subscribed and sworn to before me this ___1___ day of ___July___ 2021 by Caressa Garrison Akers.

Notary Public

My commission expires: 5-31-25

Page 3 of 3

ATTACHMENT 5
(20)

C. **What are the facts underlying your claim(s)?** *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED 4 &5
AFFIDAVITT - John Paul Darouse 4
AFFIDAVITT - CARESSA GARRISON AKERS 5

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

SEE ATTACHMENT 6

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHMENT 7

(21)

ATTACHMENT 6

IV   IRREPARABLE INJURY

I WOULD NOT KNOW HOW TO ASSESS THE
DENIAL OF MEANINGFUL & UNFETTERED ACCESS
TO THE COURT SYSTEM. AT THIS TIME.
I do KNOW IF Judge GILL AND HIS
CO-CONSPIRATORS ARE ALLOWED TO RIDE
Rough SHOD ME, THE COURT RULES AND
VIRGINIA CIVIL PROCEDURE I STAND TO
LOSE THE HOME I'VE SPENT THE LAST
20 YEARS PAYING FOR.

ATTACHMENT 7

Ⅳ      RELIEF

I ASK TO COURT TO ORDER Judge GILL
AND CO-CONSPIRATORS TO CEASE AND
DESIST VIOLATING MY CONSTITUTIONAL
RIGHTS AND ORDER Judge GILL TO
RECUSE HIMSELF FROM HEARING MY
COMPLAINT

The ABUSE IS CONTINUING. DEFENDANT
ATTORNEY BAREFORD HAS FILED KNOWINGLY
FALSE STATEMENTS IN HIS LATEST
MOTION TO THE COURT. APPARENTLY
ATTORNEY BAREFORD BELIEVES HE CAN FILE
ANYTHING WITH Judge GILL AND GET
AWAY WITH IT.

ALL DAMAGES, WITH THE COURTS PERMISSION,
TO BE ASSESSED AT A LATER DATE AS
DAMAGES ARE STILL ACCRUING.

23

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    7/20/2021

Signature of Plaintiff    *John Paul Darouse*

Printed Name of Plaintiff    JOHN PAUL DAROUSE

### B.   For Attorneys

I SWEAR UNDER THE PENALTY OF PERJURY THAT NO ATTORNEY HELPED ME WITH THIS COMPLAINT

Date of signing:

Signature of Attorney    *John P Darouse*

Printed Name of Attorney    John P. DAROUSE

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

(24)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRIGINIA**
**_____ DIVISION**

_John P. Darouse_
_____
Plaintiff(s),

v.

_G. Carrithers et al_
_____
Defendant(s).

Civil Action Number: _____

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** _Complaint & Request for Injunction_
                                                                    **(Title of Document)**

_John P. Darouse_
Name of *Pro Se* Party (Print or Type)

_John P. Darouse_
Signature of *Pro Se* Party

Executed on: _7/20/2021_ (Date)

                                    **OR**

**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                                          **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)